May it please the court, counsel. My name is Wendy Holton. I represent v. LaFROMBOISE. The issue here is whether an amended judgment is necessary to start the statute of limitations clock for a 2255 petition, where an underlying conviction on multiple counts is reversed on some counts on appeal and affirmed on some counts on appeal, and then the case is... You know, it was kind of interesting to me. There was a little more going on when he came back than we got in the excerpts of record. If you go back in the district court record, it's sort of like, okay, well, he came just back on the gun part of it, and we get rid of that. Well, he was also involved in some pretty serious negotiations for immunity on the shootout that he'd gotten in with Mr. Keys or whatever. And, you know, I don't know. You're the... He's portrayed as being this sort of unwitting person that all that this comes back at this hearing is that they dismiss the gun charges and don't do any more. But there's a whole lot more going on here in terms of what he's doing relative to, you know, he's negotiated this whole deal for immunity to testify in this other trial, and then he gets rid of the gun charges, and then he still has the sentence on the other. And, you know, why, if he was unhappy with what happened there, why didn't he, you know, appeal that right there? Those are different cases than this one. Well, they're... You know, I mean, I can certainly see why, as his advocate, you wouldn't want to bring up all else that he has going on in his life. But there was, you know, it wasn't just like this was a two-minute appearance where the gun charges just go away and the other one stays. I mean, you know, there was kind of a package deal for him going on here. But that's... Regardless of that, that doesn't change the fact that there is... has never been an amended judgment entered in this case. And under... What is your authority for the statement you... It's the second time you've made it now that an amended judgment is required? Your Honor, the decision in United States v. Colvin. And also, rules of appellate procedure four. And also, I think... All right. Let's start with either one of those. But can you point me to a specific, you know, language that says, you know, every case in which part of the sentence is overturned requires an amended judgment as to that part that's not disturbed or something like that? Yes, Your Honor. In Colvin, the... And this is a quote from Colvin. I don't have the page. It isn't cited in my brief. But our holding is limited only to those cases in which we either partially or wholly reverse the defendant's conviction or sentence or both and expressly remand to the district court. In those cases, the judgment does not become final and the statute of limitations does not begin to run until the district court has entered an amended judgment and the time for appealing that judgment has expired. No, no. But, you see, the problem is the very basis of Colvin. Right on the first page, it says, the question is, includes the underlying premise is that where this court, meaning the court of appeal, partially affirms and partially reverses a conviction and remands to the district court with instructions to amend the judgment. With instructions to amend the judgment. There are no such instructions in this case. The instruction in this case was to retry the gun, for retrial on the gun count. That's what I'm saying. And so Colvin doesn't control our case. So you have a better authority? Your Honor, in this case, a judgment in a multi-count case is a single consolidated document. And that's reflected in the judgment in this case where it says under the heading imprisonment, specifically that the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 720 months. The only indication of how that is to be broken down is under the statement of reasons. One of the things that I was thinking about as I was preparing for oral argument is the fact that the Bureau of Prisons is currently operating under that judgment. And it certainly does not have any authority or jurisdiction to rewrite that judgment to release LaFromboise at any time before he has served 720 months in the absence of an amended judgment. Well, but, I mean, you could easily take, you could easily get that amended judgment. That's not, they're not going to keep them, I mean, they're not going to keep them for 720 months if a lawyer gets an amended judgment. I would have to file a petition for an amended judgment. As you should rightly do. But that still doesn't solve our problem about, you know, when the judgment became final for purposes of the statute of limitations. Well, I don't think the record shows that if you get, you know, the calculation sheet that the BOP has, it shows that he's got 720 months. There's nothing in the record like that. There's no other direction that the Bureau of Prisons has in this case. Well, but we don't know that. We have nothing from the Bureau of Prisons, you know, what could be. And I see in other cases they could merely staple the order making that other, the other count to the original judgment. And they can go by that. Right? And, Your Honor. Is that possible? I don't think so. Why not? I think that they have to work off of a judgment. I don't think that they can work off of an appellate decision reversing some counts. It's not an appellate decision. It's the order of the district court dismissing the other count. Well, the judgment in this case can no longer be valid. It includes, as did the We're just talking now about what the Bureau of Prisons does. Right? And, you know, and the clerk from the district court will send them the order dismissing the other count, and they'll just staple it to the other judgment. And I don't think that that certainly doesn't give them direction as to what they are supposed to do. And it also doesn't It doesn't? No. It's very clear, you know, he sends the X month on one count, Y months on the other count, and X charge is dismissed. Doesn't tell them what to do? And, you know, the judgment in this case doesn't exactly say that. It does say that there's a mandatory minimum 360 months on the reverse gun count. So it's sort of implicit, but it's not explicit as to how this sentence is broken down. As I said, it's only in the statement of reasons that the sentence is Which the BOP has too. Right. Which the sentence is broken down at all. Additionally, it's very clear that a district court, when some counts of a multi-count conviction have been reversed, on remand has the discretion to resentence using that additional fact to informant's discretion. In this case, on remand, the district court could have, was working with a sentencing guideline range on the drug counts of 292 to 365 months. But how, but it doesn't show that on this record. What it shows on this record is that one is vacated, he negotiates himself an immunity deal to I mean, it's a shootout, and his passenger gets killed. He's shooting at the other car, and this guy, Keys or whatever, is shooting at him. You know, there's nothing in the, so his lawyer, if his lawyer's negotiating a whole package for him, there's nothing in there that says he's trying to get less on the, you know, the other charge. So, I mean, you're asking us to totally speculate on that, and, you know, I have no doubt if there's those sort of negotiations going on that the lawyers wouldn't have been talking about that because that lawyer was trying to get him the best possible deal. But by the same token, there's nothing in the record that would indicate that everybody was, agreed that the appropriate sentence, final sentence in this case was 360 months. And You also referred earlier to Rule 4. What language in Rule 4 do you Rule 4 depend upon, just let me finish my question. That says, in this case, requires an amended judgment. Rule 4 requires that there be a final judgment in this, in a case for this court to have jurisdiction on appeal, with very limited exceptions. In this case, the government points out in its appeal that, in its appellate briefs, that LaFromboise probably could not have appealed the dismissal of the counts, dismissal of the gun counts, but he certainly did have the right to But this court couldn't have heard that appeal until the amended judgment was entered. The government also suggests that LaFromboise somehow had the obligation to ensure that the amended judgment was entered. But that onus is not on him. It is on the government and the court to enter an amended judgment. Isn't the problem here just that in our remand, that all we said was in remands the case for retrial as to those convictions. We didn't add the additional language and sentencing. Or we didn't vacate the sentence. Well, certainly the sentences would have to be, based on what happened at a new trial, there would have to be a new sentence. But this implies here, I gather, that by remanding the case for retrial as to the gun convictions, that we vacated the judgment as to those convictions. That is certainly implicit in that statement. And it's probably also implicit that, yeah, obviously we vacated the sentences to that. Yes. And it contemplates that there would be further proceedings in the district court. Absolutely. Which I guess also contemplates that there would be a further judgment. That's correct. Or a re-sentence. Correct. And the district court in this case simply, even if But if it happened, it goes back down and they agree to strike a deal and they dismiss the counts in return for his cooperation. Right. And then they didn't finish the job by entering the amended judgment. So who's responsible then for not ensuring that an amended judgment is entered here? The district court, the government, or the defendant? I would say the district court and the government. I don't think that a defendant, you know, analogous to a speedy trial situation, a defendant has no obligation to make sure that the speedy trial clock is followed. Well, so I guess why doesn't he still have a right to an appeal then? He does still have a right to an appeal as soon as an amended judgment is entered. But this court doesn't have jurisdiction until that judgment is entered. But he does still have a right to appeal the new sentence. The appeal you're taking now is from what? This is an appeal from the dismissal of his habeas corpus, or his 2255 petition. And the certificate of appealability was granted on the issue of whether his petition was timely filed or not. So the dismissal under your theory is correct because he hasn't exhausted his direct appeal, right? I believe in this case. Is that your theory? His 2255 petition is either timely or premature. And he, as I, it's in a footnote in my brief, I would request that any order in this case be crafted so that the petition currently on file cannot be construed as a, or any subsequent petition cannot be construed as a successive petition. Well, I would think an appeal would be a little dicey here with an immunity agreement hanging out there and no statute of limitations on murder. As I said, Your Honor, that's a completely different case than this. But you really don't care whether it's dicey, do you? You just want the right to appeal so that the statute hasn't run yet. That's correct. Well, it's not so much that you want the right to appeal. You want the amended judgment, which would trigger a right to appeal. Whether you appeal or not is a whole different. The judgment would become final, and then you could file the 2255 or the judge could reactivate the 2255. Then you would have a final judgment in the criminal case. And the 2255 would then be timely. Exactly. Right. Anything further? No. Thank you, Your Honors. Thank you. Well, certainly the easy way would have been for the court to enter an amended judgment, wouldn't it? That would have been the easy way at the time that they issued that order dismissing the other count, the gun count. Right? I agree, Your Honor. Good morning. May it please the Court. V.J. Shanker with the Department of Justice. I agree, Your Honor. The district court certainly could have and probably should have entered an amended judgment in this case. Well, you know, why didn't the government sort of advise or at least present to the court to enter an amended judgment or tell the court to enter an amended judgment? Well, I disagree with Counsel for Appellant that that is the government's duty in this case. The defendant was represented by counsel and certainly could have requested clarification whether the judgment was final or requested an amended judgment. But that still does not control the question in this case, which is – Well, you really didn't want him to serve 720 months in Federal prison, did you? No, Your Honor. That's missing the gun charges. No, and that can still be corrected quite easily, either with a Rule 36 motion. Corrected how? With an amended judgment? It could be corrected with an amended judgment. And I want that judgment entered to be a right to appeal for me, wouldn't it? I don't think so, Your Honor. Why not? There is still a final order in this case dismissing the – You're telling me it will be a non-appealable judgment? I've never heard of such a thing. It would simply be a ministerial correction to the judgment that was entered, the final judgment that was entered on – or the final order that was entered on August 22nd, 1997. It would be a ministerial correction that could either be done with an amended judgment or a Rule 36 motion, which allows for clerical errors, clerical administration. It would be more than a ministerial judgment because you'd be eliminating both the amount of the sentence, the length of the sentence, and the penalties, whatever they're called. Right. But even if that's true, Your Honor, under 18 months – And not only that, the judge – I mean, you could – theoretically here, you can go back and ask the judge to reconsider his sentence. That's correct, Your Honor. So I don't – you know, so I don't see how you could say it's a ministerial judgment. Okay. Even if the district court can reconsider the sentence, that does not change the statute of limitations point – the point at which the statute of limitations becomes running. Under United States v. Schwartz and 18 U.S.C. 3582, changes to a sentence do not change the final judgment for purposes of the statute of limitations under Section 2255. What was that case? United States v. Schwartz, 274 F. 3rd, 1220. And that's – that is cited in the government's brief, Your Honor. And I'll also refer the Court to 18 U.S.C. 3582, which says that notwithstanding a change to a sentence, which is either due to a clerical error or a – How is this a clerical error? Your Honor, the gun counts were clearly dismissed by a final order. Well, they were reversed by us. Correct. And we sent the case back for a retrial. Correct. Right? Right. And implicit in that, as I was just going through with counsel, didn't we implicitly vacate the conviction in the sentence on those counts? That's – that's correct, Your Honor. We sent it back, and the government then files an amended – or a new indictment or whatever, a superseding indictment on those counts. Well, no, Your Honor. The government moved that the counts be dismissed. Well, there was proceedings on – once it got back down to the district court, there were further proceedings, correct? That's correct. There was a new – I keep – I recall reading a new indictment was filed. I may be mistaken, but maybe the indictment was just reinstated. Yeah. My belief is that – again, I was not trial counsel, but my – And that case proceeded along as though it were going to go to trial on those gun counts. Correct. And then the – and then as Judge Callahan pointed out, there was an – there was an agreement that if he cooperated in the prosecution of some other fellows, the government would dismiss those gun charges. Well, the gun charges – Am I right? The gun charges were also – Judge Callahan summarized it. Isn't that correct, what happened? That's partially correct. The gun charges were also dismissed for other evidentiary reasons, which I'm not fully familiar with, not having been trial counsel below. So the government didn't have enough evidence to prove them. Well, there was some – my understanding is that there was some difficulties with the handling of the evidence. Again, I'm not – I can't represent the position of trial counsel below. Regardless, the gun charges were dismissed by motion of the government and a final order of the district court. That's not really in the record. What's in the record is they're dismissed at a time and there's also an immunity agreement, right? I mean, that's – but – Correct. Correct. And for our purposes, that is the final order that triggers the statute of limitations for Section 2235. The real problem in this case is a mandate from this Court on the first appeal, right? It was not very clear. That's true, Your Honor. And as far as that, you know, district court gets this unpublished opinion and what does it say? It says that, you know, affirms the sentence of – well, that's Erlich, right? Affirms a conspiracy conviction. Finally, the court vacates the 924 conviction of Laframboise and remands the case for re-trial as to that conviction. There's not a word about the other charge or anything about resentencing, right? The entire mandate is just limited to the gun charge. That's right. So – and the court, you could say, did literally what was required by the mandate, which is to get the gun charge – well, vacate the gun charge and get it ready for re-trial. Your Honor, the Supreme Court and this Court in Colvin has held that a final – a judgment is final for purposes of Section 2255 when the district court has acted on remand and disassociates itself from the case and there's nothing further to do. And the time for appeal – Ah, but there was something further here to do. Enter an amended judgment. I'm not sure where the authority for that proposition is. There is no – Let me ask you this. Does the judgment as it currently stands, is it the correct judgment represented what happened to this fellow? No. The judgment is not correct. What do we need? We need an amended judgment. We have a final order that represents the end of the case, the end of the litigation that qualifies as a final order and was the point at which the district court acted on remand and disassociated itself from the case. Let me ask you this. You said what you call a final order. You think that's an appealable order? I do, Your Honor. The order dismissing the gun counts? Well, I believe that that was a final order. It was final for purposes of appealability. I'm not sure whether the appellant had the right to appeal that order because he wasn't aggrieved by it. And I might note that 10 days went by and he didn't appeal. All right. Let me ask you once again maybe the same question Judge Fries asked you. What's your best case for the proposition that in the circumstances of this case, no amended judgment is necessary? Well, Your Honor – The courts or some other case? Well, actually, this Court even in Colvin held that the time – a judgment is final for purposes of Section 2255 when the district court has acted on remand and the time for appealing the district court's action has expired. In this case, that was on August 22nd, 1997, when the district court dismissed the gun counts in a final order and disassociated itself from the case. And the Supreme Court itself has held that when a judgment is final depends on context. But the controlling inquiry is when has the district court acted in a final manner, disassociates itself from the case, and the time for appealing expires. So I guess we should – then what you're suggesting is we should read that order as amending the judgment. Exactly. The district court's dismissal order is the functional equivalent of the – Why would we want to – why would you want to create this kind of rule? As I read Colvin, they wanted to establish it's a bright-line rule. Right. Make it easy for everybody. You need an amended judgment. You file an amended judgment. We know, you know, a defendant knows that there's a final judgment. You track – you tack on what's the period of time for appealability, and then the statute begins to run. Well, now see, here we are now. We're trying to figure out what – whether it amends the judgment, whether we need an amended judgment, whether it's final, whether it's appealable. I submit that the bright-line rule established in Colvin is that the point is at which the district court acts on remand and disassociates itself from the case. Colvin itself said that in this case, that is when the district court entered its amended judgment. That's on page 1222. In our case, we don't have an amended judgment, but we have the functional equivalent of one. It was the dismissal order at which point the district court acted on remand and there was nothing left to do. So then we should treat it as the functional equivalent of an amended judgment. I think that's right, Your Honor. To require something styled as an amended judgment, simply to have those words on the paper, would be to elevate form over substance. We knew that on August 22nd, 1997, the litigation was over in the district court. Ten days later was the point at which the time for appealing that order had expired. And I note that appellant never tried to appeal that judgment or the order. And every party acted as if that point was the final judgment. Thank you. I would ask that the district court's decision be affirmed. I believe you had a few seconds for rebuttal. Actually, Your Honor, I had gone over my time. Oh, you had? I'm sorry. Okay. Thank you. Matter submitted.
judges: Tashima, Paez, Callahan